UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JASMAN DAWONE HOLMAN,<br><br>Plaintiff,<br><br>v.<br><br>LA MEN CENTRAL JAIL, et al.,<br><br>Defendants. | Case No. 2:26-cv-06848-JAK-JDE<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915(g) |

On June 4, 2026, Jasman Dawone Holman ("Plaintiff"), a state prisoner at the California Health Care Facility located in Stockton, California, but formerly a detainee at the Los Angeles County Men's Central Jail ("Jail"), proceeding pro se, submitted for filing with the United States District Court for the Eastern District of California ("Eastern District") a civil rights complaint against the Jail and individuals working at the Jail relating to his treatment at the Jail. Dkt. 1 ("Complaint"). With the Complaint, Plaintiff submitted a copy of his Inmate Statement Report, referencing, among other things, a "Federal Filing Fee," which the Court interprets as a request to proceed in forma pauperis. Dkt. 1 at 10 ("IFP Request"). On June 10, 2026, the Eastern District transferred the case to this district. Dkt. 3.

Under 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). A complaint dismissed as time-barred will constitute a "strike" under Section 1915(g). See Hoffman v. Pulido, 928 F.3d 1147, 1152 (9th Cir. 2019); Belanus v. Clark, 796 F.3d 1021, 1025-27, 1030 (9th Cir. 2007) (concluding that a dismissal of a complaint as time-barred was properly "assessed as a strike" under Section 1915(g));. Rouser v. Gyles, 2023 WL 3452048, at *1 (E.D. Cal. May 15, 2023) (noting that a "dismissal of a complaint as time-barred under the applicable statute of limitations counts as a strike," citing Belanus).

Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). A plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of

imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998); see also Martin, 319 F.3d at 1050 ("conclusory assertions" are "insufficient to invoke the exception to §1915(g)"). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Courts may raise Section 1915(g) sua sponte and dismiss the action after providing the plaintiff with an opportunity to be heard. See Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Fabricant v. Harbison, 2021 WL 5921470, at *2 (C.D. Cal. Sept. 1, 2021) ("Courts may raise § 1915(g) sua sponte."), accepted by 2022 WL 103187 (C.D. Cal. Jan. 11, 2022); Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) ("Courts may, sua sponte, dismiss an action that is barred by Section 1915(g), but must notify the prisoner/litigant of the strikes it considers to support such a dismissal, and allow the prisoner an opportunity to be heard on the matter before dismissing the case."), adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010). Once the court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate burden of persuading the court that Section 1915(g) does not apply. Andrews, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez, 2010 WL 5313476, at *2.

Here, although the Court makes no current findings, the docket of this Court, of which this Court takes judicial notice, appear to reflect at least three prior civil actions or appeals filed by Plaintiff while incarcerated that resulted

in dismissal for being frivolous, malicious, or failing to state a claim upon which relief may be granted:

1. <u>Jasman Dawone Holman v. City of Los Angeles, et al.</u>, No. 2:25-cv-07405-JAK-MAA(C.D. Cal. Sept. 2, 2025, Dkt. 4) (order dismissing Plaintiff's civil rights complaint, filed while in custody, for failing to state a claim upon which relief may be granted);

2. <u>Jasman Dawone Holman v. Warden, CMF, et al.</u>, No. 2:25-cv-10361-JAK-MAA (C.D. Cal.  May 8, 2026, Dkt. 11, 12) (order accepting recommendation to dismiss civil rights complaint filed by Plaintiff while in custody as frivolous, malicious, or failing to state a claim); and

3. <u>Jasman Dawone Holman v. Mariah L., et al.</u>, No. 2:26-cv-04545-JAK-MAA(C.D. Cal. May 8, 2026, Dkt. 5, 6) (order accepting recommendation to dismiss civil rights complaint filed by Plaintiff while in custody as frivolous, malicious, or failing to state a claim).

As it appears that Plaintiff, a "prisoner," has had at least three prior civil actions he commenced as a prisoner dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, it appears this action is subject to dismissal under 28 U.S.C. § 1915(g). Further, as Plaintiff is no longer housed at the Jail, he does not appear to be under imminent danger of serious physical injury due to the allegations in the Complaint over which this Court can assert jurisdiction.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE  in writing why this action should not be dismissed on the grounds that he has suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) and has not plausibly alleged that he is currently under imminent danger of serious physical injury. **Within nineteen (19) days of this Order,** Plaintiff shall file a written response setting forth any and all legal and/or factual bases why this

action should not be dismissed under 28 U.S.C. § 1915(g). In the alternative, Plaintiff may avoid dismissal by paying the full filing fee within this deadline.

The Court warns Plaintiff that failure to timely respond as directed in this Order may result in the dismissal of this action for the foregoing reasons and for failure to prosecute and failure to comply with a court order.

Dated:  June 25, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge